IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SAM EDWARD STEVENSON,

    Petitioner,

v.                                                    No. 1:16-cv-01052-JDB-egb

GRADY PERRY,

    Respondent.

ORDER DENYING MOTION TO DISMISS
AND
DIRECTING RESPONDENT TO ANSWER THE PETITION

On March 14, 2016, Petitioner, Sam Edward Stevenson, filed a habeas corpus petition under 28 U.S.C. § 2254. Respondent, Warden Grady Perry, thereafter filed a motion to dismiss the petition as untimely. (ECF No. 8.) On February 3, 2017, Stevenson responded to the motion after securing leave of Court to file a late response. (ECF No. 14.) For the reasons that follow, the motion is DENIED without prejudice.

In his motion to dismiss, Perry calculates that the one-year limitations period for the filing of Petitioner's § 2254 petition, *see* 28 U.S.C. § 2244(d)(1), expired on May 13, 2015. Respondent properly excluded the period of time during which Petitioner's state post-conviction proceedings were pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner does not dispute Respondent's calculation of the limitations period but contends that he is entitled to equitable tolling. He alleges that due to the failure of prison officials to deliver mail to him during a period of numerous prison lockdowns, confusion created by his appellate counsel, and the slow updating of available legal materials at the prison library, he did not learn of the Tennessee

1

Supreme Court's denial of his application for permission to appeal ("APA") until one-year after it was issued.

Stevenson has submitted affidavits and documentary evidence in support of his equitable tolling argument. (ECF No. 14 at 7-25.) In particular, Petitioner makes a factual showing that his appellate counsel, by letter, declined to file an APA on his behalf. Counsel subsequently filed an APA, which Petitioner said was done without informing him. Petitioner filed a *pro se* APA in reliance on counsel's representation that she would not file an APA. The *pro se* APA was later dismissed as duplicative of the APA filed by counsel, and the surviving APA was eventually denied. Petitioner avers that he did not receive notice of the denial, either directly from the Tennessee Supreme Court or his counsel. He further contends that if a notice was mailed to him, prison officials did not deliver it to him. He believes prison lockdowns in February, March, May, June, September, and October of 2015, and January of 2016, may account for the lack of mail delivery. The inmate alleges that he first learned of the denial of his APA in February of 2016, when an inmate legal assistant discovered the Tennessee Supreme Court's decision on a Lexis compact disc. He insists that the prison library's Lexis materials are updated on a quarterly basis only. In support of his allegations, Petitioner has submitted the affidavit of the inmate legal assistant.

The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas court's equitable tolling analysis involves a fact- and case-specific inquiry into whether the petitioner has been "pursuing his rights diligently" and whether "some extraordinary circumstance" prevented a timely filing of the petition. *Id.* at 649, 650 (internal quotation marks omitted). Because a Rule 12(b)(6) motion is not a proper vehicle for the evaluation of factual issues and matters lying outside a § 2254 petition, *Winkfield v. Lindamood*,

No. 1:14-cv-01182-JDB, 2015 WL 5497275, at *4-5 (W.D. Tenn. Sept. 17, 2015), it is often not a proper vehicle for addressing the equitable tolling issues of petitioner's diligence and the circumstances surrounding the petitioner's late filing of his petition. *See, e.g.*, *id.* (holding that the respondent's motion to dismiss the petition on timeliness grounds was not a proper procedural device for resolving equitable tolling issues). Here, Stevenson has asserted equitable tolling and has presented factual materials outside the four-corners of the petition which facially support his argument. The Warden's motion to dismiss is therefore DENIED without prejudice. *See id.* at *6 (denying without prejudice respondent's motion to dismiss on timeliness grounds where the petitioner asserted specific grounds for equitable tolling, and ordering the respondent to answer the petition).

The Habeas Rules provide a procedural framework for addressing equitable tolling, as well as the merits of the petitioner's claims. *See generally* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Habeas Rule 5 provides that, when "a judge so orders," the respondent shall file an answer to the petition. Habeas Rule 5(a). In addition to "address[ing] the allegations in the petition," an answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." *Id.* Habeas Rules 7 and 8 allow district courts to consider matters outside of the pleadings without an evidentiary hearing. *See* Habeas Rules 7 and 8 (the Court may require the parties to expand the record to include other materials, such as factual affidavits and documents, which can be considered without holding an evidentiary hearing).

Perry has not yet filed an answer to the petition. He is therefore ORDERED to submit an answer to the petition within twenty-eight (28) days. If Respondent raises the statute of

limitations issue, the answer should include any relevant documents or other evidence addressing the allegations that Petitioner has advanced in support of his equitable tolling argument. *See* Habeas Rule 7. Stevenson may, if he chooses, submit a reply within twenty-eight (28) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply.

     IT IS SO ORDERED this 8th day of February 2017.

                                    **s/ J. DANIEL BREEN**
                                    CHIEF UNITED STATES DISTRICT JUDGE